IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Donald Roof                           :
    Plaintiff,                     :
    v.                             : Case No. 3:12-CV-1201
Carolyn W. Colvin,[1]                 :
Acting Commissioner
of Social Security,                   : (Judge Richard P. Conaboy)
    Defendant.                     :

_____

**Memorandum**

**I.   Background.**

We consider here Plaintiff's appeal from the Commissioner's May 4, 2012 denial of Disability Insurance Benefits. ("DIB") under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-433.  The Administrative Law Judge ("ALJ") who originally ruled on Plaintiff's claim found that he failed to prove that he was disabled for the period from July 1, 2004 (the Plaintiff's alleged onset date) through the date of the ALJ's decision (December 15, 2010).  (R.23).  Plaintiff seeks a closed period of disability from

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

July 1, 2004 through February 23, 2011.[2]

The Plaintiff was 48 years old at the time of the hearing on this matter. (R. 59). The Plaintiff testified that he served three years in the military and was honorably discharged. (R. 63). Afterward, Plaintiff was generally employed full time doing heavy construction work for a period of approximately 23 years. (R. 64). The Plaintiff has not engaged in substantial gainful activity since July 1, 2004 (R. 25). Since he last worked, Plaintiff has gained 45 pounds due to inactivity and from the effect of steroids that have been prescribed for his autoimmune problems. (R. 60-61).

At the hearing before the ALJ, the Plaintiff testified extensively concerning the debilitating effects of his psoriasis, asthma, carpal tunnel syndrome, back pain, and foot pain. (R. 65-85). The ALJ found as a fact that the Plaintiff does suffer from psoriasis, asthma, carpal tunnel syndrome, moderate bilateral L5 front/S1 radiculopathy, early polyneuropathy, and spinal stenosis at L4/L5 and that each of these impairments is severe. (R. 25).

The ALJ who originally evaluated this claim found that, while the Plaintiff's musculoskeletal, respiratory, skin, and neurological disorders are "severe" impairments, they do not "precisely meet or medically equal the criteria of any impairment described in the Listing of Impairments, Appendix 1, Subpart P,

---

[2] On August 24, 2012 an ALJ other than the one that denied the DIB claim at issue in this case issued a favorable decision on a subsequent claim filed by Plaintiff. The subsequent DIB claim was approved effective February 24, 2011. (Doc. 11 at 2).

2

Regulation No. 4." (R. 27)). The ALJ also found that the claimant "had the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b)...", but that "due to psoriasis the claimant should avoid harsh chemical substances." (Id). Finally, the ALJ found that the "claimant's ability to perform all or substantially all of the requirements of this level (light) of work has been impeded by additional limitations." (R. 31). These limitations notwithstanding, the ALJ determined, on the basis of a hypothetical question phrased to an impartial vocational expert, that the claimant retains the ability to perform the requirements of various representative occupations. (Id).

Plaintiff contends that the ALJ erred, inter alia, in: (1) failing to fulfill his affirmative obligations to assist the Plaintiff in developing the record and exhibiting hostility and bias toward the claimant; (2) failing to properly consider the Plaintiff's complaints of pain; (3) failing to explain why he rejected the treating source testimony of Dr. Joseph Cama; and (4) presenting a hypothetical question to a vocational expert that did not include all of Plaintiff's impairments. (Doc. 11 at 11).

## II. **Standard of Review.**

This Court's review of the Commissioner's final decision is limited to determining whether there is substantial evidence to support the Commissioner's decision. 42 U.S.C. §405(g); Hartranft v. Apfel, 181 F.3d 358, 360 (3d. Cir. 1999). A reviewing Court is

3

"bound by the ALJ's findings of fact if they are supported by substantial evidence in the record." Plummer v. Apfel 186 F.3D 422, 427 (3d. Cir. 1999). Substantial evidence means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); See also Chandler v. Commissioner of Social Security, 667 F3d. 356, 359 (3d. Cir. 2011). Therefore, we will not set aside the Commissioner's decision if it is supported by substantial evidence, even if we would have reached a different factual conclusion. Hartranft supra at 360 (citing Monsour Medical Center v. Heckler, 806 F2d. 1185, 1190-91 (3d. Cir. 1986). Even where the Commissioner's factual findings are supported by substantial evidence, a Court may review whether the Commissioner, in making his findings, applied the correct legal standards to the facts presented. Friedberg v. Schweiker, 721 F.2d, 445, 447 (3d Cir. 1983). An AlJ's decision can only be reviewed by a court based upon the evidence that was before the ALJ at the time he or she made his or her decision. Matthews v. Apfel, 239 F3.d 589, 593 (3d. Cir. 2001).

Significantly, the Third Circuit has repeatedly emphasized the special nature of proceedings for disability benefits. See Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d. Cir. 1979). Social Security Disability proceedings are not strictly adversarial, but rather the Social Security Administration is required to provide an

4

applicant with assistance to prove his claim. Id. "These proceedings are extremely important to the claimants, who are in real need in most instances and claim not charity but that which is rightfully due as provided for in Chapter 7, Subchapter II, of the Social Security Act." Hess v. Secretary of Health Education and Welfare, 497 F.2d, 837, 840 (3d Cir. 1974). As such, the agency must take extra care in developing an administrative record and explicitly weighing all evidence. Dobrowolsky, supra at 406. Further, the Dobowolsky court noted "the cases demonstrate that, consistent with the legislative purpose, courts have mandated that leniency be shown in establishing the claimant's disability, and that the Secretary's responsibility to rebut is to be strictly construed." Id.

Finally, the Third Circuit has recognized that it is necessary for the Secretary to analyze all evidence. If he has not done so and has not sufficiently explained the weight he has given to all probative exhibits, "to say that his decision is supported by substantial evidence approaches an abdication of the Court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rationale." Dobrowolsky, supra at 407. In Cotter v. Harris, 642 F.2d 700, 705 (3d. Cir. 1981), the Circuit Court clarified that the ALJ must not only state the evidence considered which supports the result but also indicate what evidence was rejected. "Since it is apparent that the ALJ cannot

5

reject evidence for no reason or the wrong reason, an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." Cotter, supra at 706-07. Only where the ALJ rejects conflicting probative evidence must he fully explain his reasons for doing so. See, e.g., Walker v. Commissioner of Social Security, 61 F. App'x 787, 788-89 (3d. Cir. 2003) (citing Kent v. Schweiker, 710 F.2d 110, 114 (3d. Cir. 1983).

**III. Plaintiff's Allegations of Error.**

    **1.    The ALJ's Neglect of his Obligation to Assist the Claimant in Developing the Record.**

After a thorough review of the transcript, the Court concludes that Plaintiff's first allegation must be credited. The transcript is replete with instances in which the ALJ displayed a brusque and even hostile attitude toward the claimant. The claimant was repeatedly belittled for his lack of personal hygiene and the ALJ appeared to be disdainful of the claimant due to his imprisonment for a DUI offense. The ALJ also treated the Plaintiff's counsel in a disrespectful manner and impeded counsel's ability to present the case by repeatedly interrupting him as he attempted to question his client. The ALJ also demonstrated unreasonable resistance to Plaintiff's counsel's efforts to supplement the record with additional medical evidence. In sum, the ALJ's attitude and the atmosphere it engendered was a far cry from the non-adversarial,

6

special nature of DIB proceedings mandated by Dobrowolsky, supra at 406. Accordingly, it is necessary to remand this matter for reconsideration by the Commissioner.

**2. The ALJ's Failure to Properly Consider the Testimony of Dr. Joseph Cama.**

Plaintiff's allegation of error with respect to the alleged rejection of the testimony of treating physician Joseph Cama is not supported by any specific reference to the testimony Cama provided nor is it supported by reference to any portion of the record in which the ALJ actually rejected said testimony. The Plaintiff's allegations are supported only by caselaw axioms that are not linked to any specific conclusions Dr. Cama reached. The ALJ did make findings that claimant had impairments consistent with Dr. Cama's diagnoses but did not conclude that these impairments were disabling. Since the Plaintiff does not direct the Court to any testimony or evidence that Dr. Cama explicitly concluded that his various diagnoses, individually or collectively, were disabling, Plaintiff's allegation in this regard must be rejected.

**3. The ALJ's Failure to Properly Consider Plaintiff's Complaints of Pain.**

When complaints of pain are supported by medical evidence, they must be given great weight and the ALJ may not discount such complaints without contrary medical evidence. Ferguson v. Schweiker, 765 F.2d 31, 37 (3d Cr. 1985). Plaintiff's testimony

7

included complaints about pain in his hands and feet. These complaints are supported by medical evidence - - diagnoses of psoriasis, carpal tunnel syndrome, and early polyneuropathy -- and these diagnoses are consistent with the complaints of pain presented by the claimant. Moreover, there is no contradictory medical evidence to undermine Plaintiff's complaints of pain. For that reason, a remand is necessary for further consideration whether the ALJ rejected or discounted Plaintiff's complaints of pain without rational basis.

**4. The ALJ's Failure to Allow the Vocational Expert to Consider a Hypothetical Question that Included Reference to all the Claimant's Limitations.**

The portion of the transcript (R. 86-95) that includes the ALJ's examination of the impartial Vocational Expert reveals that the hypothetical question she was asked did not include limitations that the ALJ ultimately recognized in his decision. In eliciting the Vocational Expert's testimony that the claimant retained the residual functional capacity to perform jobs such as ticket taker and hostess, the ALJ did not appropriately factor into his hypothetical the Plaintiff's obvious limitations in manual dexterity and digital manipulation caused by psoriasis and carpal tunnel syndrome. Indeed, once these limitations were factored into the hypothetical, the Vocational Expert concluded that the claimant

8

could not perform the jobs in question.³ This conclusion was simply ignored by the ALJ in his decision. The obvious defects in the aforementioned hypothetical question posed by the ALJ require remand of this matter.

**IV. Conclusion.**

For the reasons expressed above, Plaintiff's appeal of the Commissioner's decision is granted. An Order consistent with these findings will be filed contemporaneously herewith.

**BY THE COURT**

                                        <u>S/Richard P. Conaboy</u>
                                        Honorable Richard P. Conaboy
                                        United States District Court

Dated: December 16, 2013

---

³ After prompting from Plaintiff's attorney, the ALJ did rephrase the hypothetical to include "less than occasional" limitations of the use of Plaintiff's hands (R. 40-41). How the ALJ concluded that the limitations imposed by Plaintiff's psoriasis and carpal tunnel syndrome were "less than occasional" is a mystery.